| | |
|---|---|
| Candace Kallen 030938 | |
| Michelle Thompson 034961 | |
| **MY ARIZONA LAWYERS, PLLC** | |
| **dba MY AZ LAWYERS** | |
| 1731 W. Baseline Road, Suite 101 | |
| Mesa, Arizona 85202-5730 | |
| Phone: (480) 833-8000 | |
| Fax:   (480) 478-0714 | |
| Email: jacqueline@myazlawyers.com | |
| *Attorneys for Debtor(s)* | |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | |
| Breana Shae Mesko | Chapter 7 |
| Debtor. | |
| | BK Case No.: 2:21-bk-08683-DPC |
| Breana Shae Mesko | |
| Plaintiff, | |
| V. | Adversary Case No.: |
| Anong, LLC DBA AvailBlue.com, | |
| Defendant | **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR DAMAGES AND SANCTIONS** |

Breana Shae Mesko ("Plaintiff" and/or "Debtor"), in the above-captioned case, by and through undersigned counsel, move this Court to find Anong, LLC DBA AvailBlue.com ("Defendant") in violation of the protection of the automatic stay of 11 U.S.C. § 362(a). In support hereof, Plaintiff states as follows:

## JURISDICTION

1. Debtor filed for Chapter 7 bankruptcy relief on November 26, 2021.

2. The Defendant is a Native American lending entity organized by the Lac Du Flambeau Band of Lake Superior Chippewa Indians, located on Native Sovereign lands in Wisconsin, United States. The Defendant also conducts business in Maricopa County, Arizona.

3. The Defendant is a creditor of the Debtor.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 7001.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

## FACTUAL BACKGROUND

6. Debtor filed for Chapter 7 bankruptcy relief on November 26, 2021 (the "Petition Date").

7. On November 30, 2021, the Bankruptcy Noticing Center ("BNC") filed a Certificate of Notice regarding the *Notice of Chapter 7 Bankruptcy Case* ("Notice of Filing" at DE 11), which was sent via first class mail to Defendant at P.O. Box 12, Lac Du Flambeau, Wisconsin 54538.

8. On November 30, 2021, the Defendant processed one ACH withdrawal from Debtor's checking account in the amount of $192.50, for repayment of a pre-petition debt.

9. On November 30, 2021, the Debtor suffered overdraft fees that resulted from Defendant's withdrawal from her account.

10. On November 30, 2021, Debtor's Counsel called the Defendant and spoke with a representative named Rick informing them that the Debtor had filed bankruptcy. Rick requested that Debtor' Counsel email the Notice of Filing and advised that the funds would be returned between three and five workdays from that conversation.

11. On November 30, 2021, Debtor's Counsel emailed Defendant at Rick@availblue.com to notify Defendant of Debtor's bankruptcy filing. Debtor's Counsel's email indicated that they had filed for bankruptcy relief on the Petition Date but Debtor was still charged by Defendant after said date. Debtor's Counsel provided Debtor's case number and

contact information. Debtor's counsel also reiterated the withdrawal amount of $192.50 for which they were charged. Debtor's Counsel requested that Defendant immediately stop taking payments from Debtor's account and refund any payments that were taken after the Petition Date.

12. On December 15, 2021, despite receiving multiple notifications that Debtor filed for bankruptcy relief, Defendant again processed another ACH withdrawal from the Debtor's checking account in the amount of $184.25.

13. On December 15, 2021, despite receiving multiple notifications that Debtor filed for bankruptcy relief, Defendant still failed to return the withdrawals totaling $376.75. Further, Rick had indicated to Debtor's Counsel during the November 30, 2021 phone call that Debtor would receive a refund within three to five work days, but Defendant still failed to return the funds and continued to withdrawal funds in violation of Debtor's protection under the automatic stay.

14. Defendant's actions reflect intentional and unlawful business practices.

15. Defendant's conduct has caused the Debtor to experience significant worries, concerns, and stress that are separate and in addition to the anxiety they already felt about bankruptcy.

16. Debtor's emotions are not fleeting or inconsequential. Debtor has suffered significant emotional harm as a result of Defendant's conduct in willfully violating the automatic stay and refusing to refund the $376.75.

17. The nature of the Defendant's conduct makes it clear that any reasonable person would suffer significant emotional distress.

18. Additionally, Debtor is suffering the burden of legal fees incurred attempting to resolve this issue with Defendant prior to bringing this Adversary Proceeding as well as the costs and fees to bring and pursue this Adversary Proceeding after Defendant has refused to comply with the law.

19. It is apparent that Defendant does not have adequate systems, procedures, or controls in place to protect debtors from unlawful collection activity during bankruptcy.

20. On information and belief, Defendant has a systemic problem of violating the automatic stay of bankruptcy.

**Count I – Stay Violation**

21. The foregoing paragraphs are incorporated herein by reference.

22. 11 U.S.C. § 362 creates an automatic stay against "all entities" prohibiting "any act to collect" from the Debtor on claims that existed prior to the commencement of the case.

23. The Ninth Circuit Court of Appeals has held that entities have an "unambiguous" and "affirmative duty to comply with the stay." *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010).

24. Defendant's conduct was intentional, which doesn't require that the entity had the intent to violate the automatic stay, but only the intent to commit the act which in fact violated the automatic stay. *In re Bloom*, 875 F.2d 224, 226 (9th Cir. 1989) (adopting the definition provided by the bankruptcy court for the district of the District of Columbia:

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.)

25. Defendant's repeated ACH withdrawals from Debtor's account, and refusal to return the funds are intentional acts and do in fact violate the automatic stay of 11 U.S.C. § 362(a).

26. Debtor is entitled to damages pursuant to 11 U.S.C. § 362(k)(1).

27. Defendant's behavior in this case and general disregard and disrespect of the bankruptcy laws also entitle the Debtor to punitive damages. *In re DiGeronimo*, 354 B.R. 625, 644 (Bankr. E.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests an Order finding Defendant liable for violating the automatic stay and awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k).

**Count II – Attorney's Fees**

28. The foregoing paragraphs are incorporated herein by reference.

29. Plaintiff is entitled to attorney's fees under 11 U.S.C. § 362(k).

30. Pursuant to the recent *en banc* opinion of the Ninth Circuit Court of Appeals in *America's Servicing Company v. Schwartz-Tallard*, 11 U.S.C. § 362(k) allows an "award of all attorney's fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action." 803 F.3d 1095 (9th Cir. 2018).

31. This Court may also award damages as sanctions under its inherent civil contempt authority. In re Dyer, 322 F.3d 1178, 1189 (9th Cir. 2003).

**WHEREFORE**, Plaintiff request an award of reasonable attorney's fees.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendant, as follows:

A. A judgement in favor of Plaintiff and against Defendant in an amount to be proven at trial for compensatory damages;

B. A judgment assessing punitive damages in an amount to be determined at trial;

C. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 362(k); and

D. For such other relief and further relief as the Court deems just and proper, including but not limited to post-judgment interest as may be allowed by applicable law.

DATE:  December 16, 2021         MY ARIZONA LAWYERS, PLLC

                                 By:   /s/ *Michelle Thompson*
                                       Candace Kallen, 030938
                                       Michelle Thompson, 032094
                                       *Attorneys for Debtor*